THE STATE v. GUS SMITH, Appellant.

Division Two, December 13, 1904.

**No Exceptions.** Where appellant has saved no exceptions, there is nothing before the appellate court except the record proper, and if that is free from error, the judgment will be affirmed.

Appeal from Hannibal Court of Common Pleas.— *Hon. D. H. Eby,* Judge.

AFFIRMED.

*A. E. Dent* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

Defendant failed to except to the ruling of the court upon the motion for a new trial and the motion in arrest of judgment. Under the rulings of this court, exceptions to the action of the trial court upon these motions must be preserved in the bill of exceptions, and a failure upon the part of defendant to preserve such

exceptions crates the presumption that defendant was satisfied with the action of the court upon the motions. and precludes a presentation of the questions therein involved to this court. State v. Griffin, 98 Mo. 672; State v. Dunn, 73 Mo. 586; State v. Ray, 53 Mo. 345; State v. Pints, 64 Mo. 317; State v. Jansen, 84 Mo. 97; State v. Haynes, 95 Mo. 167; State v. McDonald, 85 Mo. 539.

GANTT, P. J.—The defendant was convicted in the Hannibal Court of Common Pleas of larceny from the dwelling house of Mrs. Hoagland in Hannibal, Missouri, on the 22nd day of March, 1903.

The indictment was returned at the May term, 1903. The defendant was duly arraigned and pleaded not guilty.

At the September term, 1903, the cause was tried by the court and a jury and a verdict of guilty returned, assessing the defendant's punishment at two years in the penitentiary.

The testimony shows that Mrs. Hoagland kept a boarding house; that Asa Shahan, a travelling peddler, had a room there and owned a watch which was worth about $58. During the afternoon of March 22, 1903, one Allen applied for a room and board and was assigned a room. In looking at the rooms, he was inquisitive, desiring to know who occupied the various rooms. He came to supper and went out again. Shahan retired about eleven o'clock and was awakened late in the night or early Sunday morning by some person moving in his room. He called to know who it was and thereupon two men ran down the stairs. Shahan gave the alarm and Mrs. Hoagland saw them hurrying down the steps. A policeman was summoned and Allen arrested. He afterwards pleaded guilty and was sentenced for robbery. The next day after the robbery the defendant pawned Shahan's watch to a saloon-keeper by the name of Koch, for two dollars.

The policeman found the watch at Koch's and it was identified by Shahan as the one stolen from his room in Mrs. Hoagland's house the previous night.

The defendant testified he pawned the watch; that he got it from a smooth-faced fellow who said he worked at the now famous cement works at Hannibal; didn't know the man or his name and has never seen him since. He testified he had no occupation but was supported by a brother who worked for a circus.

The instructions have not been brought to this court and no exceptions were saved to the overruling of the motions in arrest and for new trial. Accordingly, we have nothing before us but the record proper, and as the indictment was sufficient, and all the steps as to the arraignment, empannelling of the jury, the receipt of the verdict, and the sentence are in due form, the judgment must be and is affirmed.

*Fox, J.,* concurs; *Burgess, J.,* absent.